UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| LISA CAPORICCI, | ) | **CIVIL ACTION** |
| 45 Albemarle Ave. | ) | **No. _____** |
| Tampa, Florida, 33606, | ) | |
| | ) | **HON. _____** |
| PLAINTIFF, | ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| vs. | ) | **WITH INJUNCTIVE RELIEF** |
| | ) | **SOUGHT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| CHIPOLTE MEXICAN GRILL, INC., | ) | |
| c/o Tanya E. Milligan, Esq. | ) | |
| Messner Reeves LLP | ) | |
| 1430 Wynkoop Street, Suite 300 | ) | |
| Denver, Colorado 80202, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, LISA CAPORICCI (hereinafter "CAPORICCI"), for her Complaint against the Defendant, CHIPOLTE MEXICAN GRILL, INC. (hereinafter "CHIPOLTE"):

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* (hereinafter the "ADAAA"); the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* (hereinafter "FCRA"); and the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601 *et seq.* (hereinafter the "FMLA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and harassment against Plaintiff because of her disability and Defendant's retaliation against Plaintiff for requesting leave under the FMLA, both leading to her unlawful termination.

## JURISDICTION AND VENUE

3. This is an action for monetary damages and injunctive relief pursuant to the ADAAA, FCRA § 760.10, and the FMLA.

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADAAA and the FMLA.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

7. Plaintiff, CAPORICCI, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida and resided in Hillsborough County.

8. Defendant, CHIPOLTE, is a Florida Foreign For-Profit Corporation authorized to conduct business in the State of Florida, created under the laws of Delaware, with

its principal place of business in Denver, Colorado, and doing business in Hillsborough County, Florida.

9. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all statutory prerequisites to filing this action.

11. On or about June 17, 2013, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") satisfying the requirements of 42 U.S.C. e-5(b) and (e), based on disability discrimination and harassment. (*See* copy of June 17, 2013, Charge of Discrimination, attached hereto and incorporated herein as Exhibit "1").

12. Such June 17, 2013, EEOC charges were filed within three hundred (300) days after the alleged unlawful employment practices occurred.

13. On or about June 12, 2014, the EEOC issued to Plaintiff (Charging Party) its Letter of Determination establishing that there is reasonable cause to believe that Defendant (Respondent) terminated Plaintiff (Charging Party) due to her disability in violation of the ADAAA. (*See* copy of June 12, 2014, Letter of Determination, attached hereto and incorporated herein as Exhibit "2").

14. Included in the EEOC's June 12, 2014, Letter of Determination was an invitation to Conciliate extended to the Defendant (Respondent). (*See* Exhibit "2").

15. On or about July 17, 2014, the EEOC informed Plaintiff's Counsel (Charging Party) that it was unable to obtain a response from Defendant (Respondent) in

regards to its position on conciliating and would provide Defendant (Respondent) until July 22, 2014 to accept the Invitation to Conciliate.

16. On or About July 27, 2014, Plaintiff (Charging Party) was notified that the EEOC's attempt to conciliate Plaintiff's (Charging Party) charge were unsuccessful and issued Plaintiff her Notice of Right to Sue (Conciliation Failure). (*See* copy of July 28, 2014 Letter from the EEOC and enclosed Right to Sue (Conciliation Failure), attached hereto and incorporated herein as Exhibit "3").

17. This complaint was filed within ninety (90) days of the issuance of the EEOC's notice of conciliation failure and Right to Sue letter.

18. An EEOC filing automatically operates as a dual FCHR filing.

## FACTS

19. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-18, above.

20. At all material times, Plaintiff worked for Defendant's South Tampa location, located at 533 S. Howard Ave., Tampa, Florida 33606.

21. Plaintiff was employed by Defendant for approximately eleven (11) months and during that time held the position as a Crewmember at all times.

22. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of her position.

23. Plaintiff has had fully satisfactory attendance while employed by Defendant and never received any warnings, write-ups, or other documentation in regards to her attendance.

24. Plaintiff suffers from a disability requiring her to be under the care of a psychiatrist and take daily medications.

25. Plaintiff informed her General Manager, Jared Miesel, around April 2013, of her disability and the necessity of her medications and potential side effects and provided documentation.

26. At the beginning of Plaintiff's shift on June 6, 2013, Plaintiff and her doctor submitted all required documentation requesting upcoming medical leave pursuant to the FMLA.

27. Plaintiff would have been eligible for FMLA leave in the coming month, yet, that same day, Plaintiff was terminated in retaliation for requesting her paperwork be processed for medical leave pursuant to the FMLA.

28. Plaintiff wanted to turn in her paperwork so it could be processed to coincide with her eligibility to take protected FMLA leave.

29. In addition, on June 6, 2013, Plaintiff took her daily medication, which caused her to have a medical reaction.

30. Thereafter, Plaintiff explained to her General Manager, Jared Miesel, that she was experiencing a reaction to the medication.

31. Thereafter, Plaintiff's General Manager, Jared Miesel, told Plaintiff "it was fine" and that she could just "go home."

32. Thereafter, Plaintiff left Defendant's South Tampa location and returned home.

33. Plaintiff then had her doctor fax a note to her General Manager, Jared Miesel, stating that Plaintiff was suffering from a reaction to her medication.

34. Two hours later, Plaintiff's General Manager, Jared Miesel, phoned Plaintiff and terminated her because she looked like "she was under the influence" of illegal drugs.

35. Plaintiff explained that she had her doctor fax medical documentation regarding the reaction to his attention.

36. A drug test was never administered to Plaintiff establishing she was using anything but her prescribed medication; therefore, Defendant had no basis for accusing Plaintiff of using illegal drugs.

37. Thereafter, Plaintiff filed a claim with Defendant's Human Resources.

38. Plaintiff was informed by David Gottlieb with Human Resources that Defendant stood by Plaintiff's General Manager's, Jared Miesel, decision to terminate her.

39. Defendant unlawfully terminated Plaintiff in a discriminatory manner based on her disability and Defendant's knowledge of Plaintiff's upcoming eligibility and request to take medical leave pursuant to the FMLA.

40. Plaintiff has been damaged by Defendant's illegal conduct.

41. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I:

### *FMLA INTERFERENCE*

42. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

43. Plaintiff was coming to be eligible for FMLA leave within the coming weeks after her and her doctor turned in the requested FMLA documentation.

44. Defendant is a covered employer as defined by the FMLA.

45. Plaintiff suffers from a serious health condition as defined by the FMLA.

46. Defendant interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise her FMLA rights.

47. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

48. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

    a.) Enter a judgment that Defendant's interference with Plaintiff's rights was in violation of the FMLA;

    b.) Enjoin and permanently restrain Defendant from further violations of the FMLA;

    c.) Award front pay to Plaintiff;

    d.) Award liquidated damages to Plaintiff;

    e.) Award reasonable attorneys' fees and costs to Plaintiff;

 f.) Additional relief to which Plaintiff is entitled, including equitable relief; and

 g.) Any other and further relief as this Court deems just and proper.

## COUNT II:

### *FMLA RETLIATION*

49. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48, above.

50. Plaintiff exercised or attempted to exercise her rights under the FMLA.

51. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

52. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

53. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

 a.) Enter a judgment that Defendant retaliated against Plaintiff because she exercised or attempted to exercise his rights under the FMLA;

 b.) Enjoin and permanently restrain Defendant from further violations of the FMLA;

 c.) Award back pay to Plaintiff, plus interest and all benefits;

 d.) Award liquidated damages to Plaintiff;

 e.) Award reasonable attorneys' fees and costs to Plaintiff;

  f.)  Additional relief to which Plaintiff is entitled, including equitable relief; and

  g.)  Any other and further relief as this Court deems just and proper.

## COUNT III:

### *DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA*

54. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-53, above.

55. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

56. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

57. Defendant is prohibited under the ADAAA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

58. Defendant violated the ADAAA by unlawfully terminating and discriminating against Plaintiff based on a reaction to a prescription medication provided by her doctor for her disability, in which the Defendant was fully aware that she was taking and of its potential side effects.

59. Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a.) Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of ADAAA;

b.) Declare Defendant's conduct to be in violation of the ADAAA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c.) Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

d.) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

e.) Any other and further relief as this Court deems just and proper.

## COUNT IV:

### *HANDICAP DISCRIMINATION IN VIOLATION OF FCRA §760.10*

60. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-59, above.

61. At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff is capable of performing all essential functions of her employment position with or without a

reasonable accommodation.

62. Plaintiff has an actual handicap, has a record of being disabled, and/or is perceived as being disabled by Defendant.

63. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

64. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on a reaction to a prescription medication provided by her doctor for her handicap, in which the Defendant was fully aware that she was taking and of its potential side effects.

65. Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a.) Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of FCRA;

b.) Declare Defendant's conduct to be in violation of the FCRA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c.) Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest

thereon;

d.) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

e.) Any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

_____

Gary Martoccio, Esq.
Fl. Bar No. 0099040
Spielberger Law Group
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Trial Counsel for Plaintiff*