UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA CAPORICCI,

      Plaintiff,

v.                                        Case No: 8:14-cv-2131-T-36EAJ

CHIPOTLE MEXICAN GRILL, INC.,

      Defendant.

_____/

## ORDER

    This matter comes before the Court upon the Defendant's Motion to Dismiss Plaintiff's Family Medical Leave Act Claims Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Stay Remaining Claims (Doc. 12), and the Plaintiff's response thereto (Doc. 14). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Dismiss Plaintiff's Family Medical Leave Act Claims Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Stay Remaining Claims.

## I.    Factual Allegations[1]

    Plaintiff Lisa Caporicci worked for Defendant Chipotle Mexican Grill, Inc. as a Crewmember at its South Tampa location for approximately eleven months. Doc. 7 at ¶¶ 20-21. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of her position. *Id.* at ¶ 22. Plaintiff had satisfactory attendance while employed by Defendant and never received any warnings, write-ups, or other documentation in regards to her attendance. *Id.* at ¶ 23.

---

[1] In ruling on Defendant's motion, the Court must accept as true the allegations of the Complaint (Doc. 7). *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.* 711 F.2d 989, 994 (11th Cir. 1983).

Plaintiff suffers from a disability requiring her to be under the care of a psychiatrist and take daily medications. *Id.* at ¶ 24. Plaintiff informed her General Manager, Jared Miesel, around April 2013, of her disability and the necessity of her medications and potential side effects and provided documentation. *Id.* at ¶ 25. Prior to the beginning of Plaintiff's shift on June 6, 2013, Plaintiff and her doctor submitted all required documentation requesting upcoming medical leave pursuant to the Family and Medical Leave Act ("FMLA"). *Id.* at ¶ 26. Plaintiff would have been eligible for FMLA leave in the coming month. *Id.* at ¶ 27.

In addition, on June 6, 2013, Plaintiff took her daily medication, which caused her to have a medical reaction. *Id.* at ¶ 29. Thereafter, Plaintiff explained to her General Manager, Jared Miesel ("Miesel"), that she was experiencing a reaction to the medication. *Id.* at ¶ 30. Thereafter, Miesel told Plaintiff "it was fine" and that she could just "go home." *Id.* at ¶ 31. Plaintiff then left Defendant's South Tampa location and returned home. *Id.* at ¶ 32.

Plaintiff then had her doctor fax a note to Miesel, stating that Plaintiff was suffering from a reaction to her medication. *Id.* at ¶ 33. Two hours later, Miesel phoned Plaintiff and terminated her because she looked like "she was under the influence" of illegal drugs. *Id.* at ¶ 34.

Plaintiff explained that she had her doctor fax medical documentation regarding the reaction to Miesel's attention to prove that she was using prescription medicines – not illegal drugs. *Id.* at ¶ 35. A drug test was never administered to Plaintiff establishing she was using anything but her prescribed medication; therefore, Defendant had no basis for accusing Plaintiff of using illegal drugs. *Id.* at ¶ 36. Thereafter, Plaintiff filed a claim with Defendant's Human Resources. *Id.* at ¶ 37. Plaintiff was informed by David Gottlieb with Human Resources that Defendant stood by Miesel's decision to terminate her employment. *Id.* at ¶ 38.

2

On or about June 17, 2013, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") based on disability discrimination and harassment. *Id.* at ¶ 11. On or about June 12, 2014, the EEOC issued to Plaintiff a Letter of Determination establishing that there is reasonable cause to believe that Defendant terminated Plaintiff due to her disability in violation of the ADAAA. *Id.* at ¶ 13. On or about July 27, 2014, Plaintiff was notified that the EEOC's attempts to conciliate Plaintiff's charge were unsuccessful and Plaintiff was given a Notice of Right to Sue (Conciliation Failure). *Id.* at ¶ 16. Plaintiff filed this action on August 29, 2014.

## II.     Standard of Review

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient.  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, mere naked assertions are not sufficient.  *Id.*  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint.  *Id.*

## III.    Discussion

The FMLA provides "eligible employees", among other rights, with up to twelve weeks of unpaid leave if a serious medical condition makes the employee unable to perform the functions of his or her position as an employee.  *See* 29 U.S.C. § 2612(a)(1)(D).  An eligible employee is

defined under 29 U.S.C. § 2611(2)(A) as an employee who has been employed for at least twelve months by the employer and has completed at least 1,250 "hours of service" with that employer during the previous twelve month period. The FMLA creates a private right of action against employers who "interfere with, restrain, or deny the exercise or the attempt to exercise" FMLA rights. 29 U.S.C. §§ 2615(a)(1), 2617. Plaintiff has alleged claims of interference and retaliation under the FMLA.

In an FMLA retaliation claim, an employee asserts that her employer discriminated against her because she engaged in activity protected by the Act. 29 U.S.C. §§ 2615(a)(2). To succeed on a claim of retaliation, an employee must demonstrate that her employer intentionally discriminated against her in the form of an adverse employment action for having exercised an FMLA right. *Strickland v. Waterworks and Sewer Bd. of the City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001).

To state a claim that Defendant interfered with Plaintiff's substantive FMLA rights, Plaintiff must allege that she was entitled to, but denied an FMLA right. 29 U.S.C. §§ 2615(a)(1); *Strickland*, 239 F.3d at 1207; *Martin v. Brevard County Public Schools*, 543 F.3d 1261, 1353-54 (11th Cir. 2008). An employee need not allege that her employer intended to deny the right—the employer's motives are irrelevant. *Martin*, 543 F.3d at 1267.

Defendant argues that Plaintiff's FMLA claims must be dismissed because Plaintiff was not yet eligible for FMLA leave on the date she was terminated. This argument fails in light of *Pereda v. Brookdale Senior Living Cmtys., Inc.,* 666 F.3d 1269 (11th Cir. 2012), a case nearly identical to this one in which an employee was terminated in her eleventh month of employment following a notification to her employer that she was pregnant and would be seeking FMLA leave post-eligibility. The Eleventh Circuit reversed an Order dismissing Plaintiff's FMLA interference

4

and retaliation claims, allowing both to go forward. *Pereda* is controlling here as there is no material distinction between the facts alleged here and those alleged in *Pereda*.

Defendant has also requested that a stay be imposed during the pendency of its motion to dismiss so that Defendant does not have to answer the remaining claims until after the instant motion is decided. This request is obviously moot at this point and will be denied.

Accordingly, it is

**ORDERED**:

1.      Defendant's Motion to Dismiss Plaintiff's Family Medical Leave Act Claims Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Stay Remaining Claims (Doc. 12) is DENIED.

2.      Defendant is directed to file an answer to the Amended Complaint (Doc. 7) in compliance with the Federal Rules of Civil Procedure and this Court's Local Rules.

**DONE AND ORDERED** in Tampa, Florida on April 9, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any